Filed 8/30/16  P. v. Ames CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>MICAH AMES,<br><br>    Defendant and Appellant. | F071266<br><br>(Super. Ct. No. 09CM7585)<br><br>**OPINION** |

-ooOoo-

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Kings County.  Thomas DeSantos, Judge.

Elaine Forrester, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Poochigian, Acting P.J., Peña, J. and Smith, J.

Appointed counsel for defendant Micah Ames asked this court to review the record to determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) Counsel filed an opening brief that sets forth the facts of the case and requests that we review the record. Defendant was advised of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant. Finding no arguable error that would result in a disposition more favorable to defendant, we affirm the judgment.

We provide the following brief description of the facts and procedural history of the case. (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

On January 14, 2010, defendant pled guilty to one count of possessing a controlled substance in prison (Pen. Code, § 4573.6),[1] and he admitted a prior strike allegation (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)). The trial court sentenced him to the low term of two years, doubled to four years pursuant to the Three Strikes law (*ibid*).

On December 8, 2014, defendant filed a petition for resentencing pursuant to Proposition 47, the Safe Neighborhoods and Schools Act (§ 1170.18). The prosecutor responded that defendant's offense (§ 4573.6) is not one affected by Proposition 47.

On February 19, 2015, the trial court denied the petition for resentencing because the conviction for section 4573.6 is not eligible for resentencing under Proposition 47.

On March 18, 2015, defendant filed a notice of appeal.

#### DISCUSSION

On November 4, 2014, California voters enacted Proposition 47, and it went into effect the next day. (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1089.) "Proposition 47 makes certain drug- and theft-related offenses misdemeanors, unless the

---

[1] All statutory references are to the Penal Code unless otherwise noted.

2

offenses were committed by certain ineligible defendants.  These offenses had previously been designated as either felonies or wobblers (crimes that can be punished as either felonies or misdemeanors)." (*Id.* at p. 1091.)

"Proposition 47 also created a new resentencing provision:  section 1170.18. Under section 1170.18, a person 'currently serving' a felony sentence for an offense that is now a misdemeanor under Proposition 47, may petition for a recall of that sentence and request resentencing in accordance with the statutes that were added or amended by Proposition 47.  (§ 1170.18, subd. (a).)" (*People v. Rivera, supra,* 233 Cal.App.4th at p. 1092.)  Section 4573.6 is not among the offenses listed in section 1170.18.  Therefore, the trial court properly denied defendant's petition for resentencing of this felony.

Furthermore, we see no other arguable error that would result in a disposition more favorable to defendant.

## **DISPOSITION**

The judgment is affirmed.